IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY WESTMORELAND, #B-85628, </br></br> Plaintiff, </br></br> vs. </br></br> MICHAEL STRATTON, and JACKSON COUNTY JAIL, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 17-cv-500-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Hill Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the Complaint, Plaintiff claims that he was attacked by numerous inmates in 2013, when he was a pretrial detainee at the Jackson County Jail. Plaintiff now sues Michael Stratton (a sergeant at Jackson County Jail) and Jackson County Jail. (Doc. 1, p. 1). Plaintiff further contends that he suffered from a psychological condition that prevented him from filing the instant action within the two-year statute of limitations. (Doc. 1, pp. 3, 5).[1]

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] Specifically, Plaintiff contends he was legally disabled due to mental illness and psychotropic medications. (Doc. 1, p. 3). Plaintiff contends he was unable to function properly until September of 2015, when he received the proper medication for his mental illness. *Id.* Plaintiff further contends that he repressed the memory of the attack. (Doc. 1, p. 5). "A complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." *Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 F. App'x 523, 524 (7th Cir. 2005). Thus, at screening, the statute of limitations should only be a basis for *sua sponte* dismissal when the plaintiff's submissions reveal an airtight defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Accordingly, the Court will refrain from addressing the timeliness of Plaintiff's Complaint until such time as this issue is raised by Defendant.

1

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the Complaint, Plaintiff was the victim of a racially motivated attack at the Jackson County Jail on February 3, 2013 (Doc. 1, pp. 3-4). Plaintiff first learned that he and fellow inmate, Thomas Bible, were being targeted for an assault in January of 2013 when he was moved to G-Pod. (Doc. 1, p. 3). At that time, several inmates in G-Pod began threatening Plaintiff and Bible. *Id.* The inmates told Plaintiff he and Bible would be attacked if they did not leave G-Pod. (Doc. 1, p. 4). Plaintiff sought assistance from an unknown correctional officer. *Id.* The correctional officer told Plaintiff to "f*** or fight." *Id.* The tension and threats continued to

escalate. *Id.* Plaintiff spoke to Stratton regarding the situation and asked to be moved to another location. *Id.* Stratton declined his request and told Plaintiff to contact him if the situation continued. *Id.*

On February 3, 2013, Plaintiff and Bible were told they would be attacked within a few hours if they did not leave G-Pod. *Id.* Plaintiff wrote a letter to Stratton and delivered it to him personally. *Id.* Stratton read the letter in front of Plaintiff and nodded his head. Stratton, however, took no action to protect Plaintiff or Bible. *Id.* Approximately two hours later, Plaintiff and Bible were attacked by 7 – 10 inmates. *Id.* Plaintiff was kicked, punched, and stomped on. As a result of the assault, Plaintiff sustained physical injuries, which required treatment at a local hospital. (Doc. 1, p. 5). Plaintiff suffered from lacerations throughout his body, in addition to an injured neck and back. *Id.* Plaintiff was placed in a neck brace and continues to suffer from neck and back pain. *Id.* Plaintiff also contends he was psychologically traumatized by the attack and repressed memories regarding the same. *Id.*

Plaintiff now sues Defendants Stratton and the Jackson County Jail for violating his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff also sues Defendants under Illinois law for negligence. (Doc. 1, pp. 6-8).

### Discussion

*Dismissal of Jackson County Jail*

As a preliminary matter, Plaintiff's claims against Jackson County Jail shall be dismissed with prejudice. A jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an

entity nor a "person" subject to suit under § 1983). Accordingly, Jackson County Jail shall be dismissed with prejudice.

***Merits Review Pursuant to 1915(A)***

The Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

    **Count 1 –**    Eighth Amendment failure to protect claim against Stratton.

    **Count 2 –**    Negligence claim against Stratton under Illinois law.

**Count 1 – Eighth Amendment Failure to Protect**

After carefully considering the allegations in the Complaint, the Court finds that it states a colorable Eighth Amendment failure to protect claim against Stratton. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir.

4

1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

At this early stage, the complaint suggests that Defendant Stratton was on notice of the impending or actual attack, yet failed to intervene to stop it. The Court cannot dismiss Plaintiff's Eighth Amendment failure to protect claim against Stratton at this time. Accordingly, Count 1 shall receive further review.

**Count 2 – Illinois State Law Claim for Negligence**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). The Court has original jurisdiction over this § 1983 action. Because the state claim and federal claim allegedly arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claim.

Plaintiff has been allowed to proceed with his federal claim in **Count 1** against Defendant Stratton. He shall also be allowed to proceed with his state negligence claim against the same Defendant.

**Pending Motions**

Plaintiff has filed a Motion for Joinder of Parties (Doc. 3). Plaintiff asks to join the instant action with Thomas Bible's action, involving the same incident, presently pending in this

District Court. *See* 3:14-cv-325-JPG-RJD. This motion shall be referred to a United States Magistrate Judge for disposition.

In light of this Order, Plaintiff's Motion for Status (Doc. 8) shall be **TERMINATED** as **MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **JACKSON COUNTY JAIL** is **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to terminate this entity as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **Counts 1** and **2** shall receive further review as to Defendant **STRATTON.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **STRATTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Joinder (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 9, 2017**

>  *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **United States District Judge**