IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JEREMY WESTMORELAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:17-cv-500-JGP-DGW |
| MICHAEL STRATTON, | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the motion for joinder filed by Plaintiff, Jeremy Westmoreland, on May 11, 2017 (Doc. 3). The Motion is **DENIED**.

Plaintiff seeks to join another lawsuit that is pending in this District, *Bible v. Stratton,* 3:14-cv-325-JPG-RJD. Plaintiff claims that joinder should be permitted pursuant to Federal Rule of Civil Procedure 20(a) because his claim arises out of the same transaction or occurrence that gave rise to the *Bible* matter. Plaintiff states that he too was subject to a failure to protect while incarcerated at the Jackson County Jail from November 2012 to April 2013.

Rule 20(a) permits joinder as plaintiffs when they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there are common questions of law or fact. Plaintiff claims that his failure to protect claims arises out of the same transaction as the *Bible* matter and that he is suing the same Defendant. Even if Plaintiff meets the requirements of Rule 20, joinder will not be permitted. In addition to the requirements of Rule 20, the Court may also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" and whether it would create "prejudice,

expense, or delay." *Chavez v. Illinois State. Police*, 251 F.3d 621, 632 (7th Cir. 2001) (citations and quotation marks omitted).

      The parties in the *Bible* matter, that was filed more than 3 years ago, have settled. This matter was just filed. Plaintiff waited too long to seek to join that matter and joinder at this stage would unnecessarily multiply the expenses of the previous proceedings. It would be fundamentally unfair to re-open those proceedings at this stage of the litigation. In addition, Defendant in this matter may have various defenses that were not present in the *Bible* matter. Permitting Plaintiff to join the previous matter would prejudice Defendant. Plaintiff's motion is accordingly **DENIED**.

**DATED: September 11, 2017**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**