UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY WESTMORELAND,

    Plaintiff,

v.

MICHAEL STRATTON and JACKSON
COUNTY JAIL,

    Defendants.

Case No. 17-cv-500-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 24) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff Jeremy Westmoreland's motion for default judgment without prejudice (Doc. 23). Westmoreland has objected to the Report (Doc. 25).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Magistrate Judge Wilkerson found that Westmoreland's motion for default judgment under Federal Rule of Civil Procedure 55(b) was premature in light of the fact that he had not yet obtained entry of default under Rule 55(a), a prerequisite for entry of default judgment. Magistrate Judge Wilkerson also noted that entry of default was not warranted because there was no evidence Stratton had been served with process.

Westmoreland objects, arguing that he did not know it was necessary to obtain entry of default under Rule 55(a) prior to seeking default judgment under Rule 55(b) and that he is not responsible for delays in service of process.

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Wilkerson's conclusion for the reasons stated in the Report. Entry of default is necessary before default judgment can be entered, and Westmoreland has not obtained such an entry. Nor could he now, as Stratton has appeared in the case within a week of being served and has been given until February 5, 2018, to answer or otherwise respond to the complaint. It is true that much of the delay in obtaining service was not Westmoreland's fault. However, by the same token, most of the time that has elapsed between the filing of the complaint and Stratton's response is not Stratton's fault. He cannot be expected to respond to a complaint he does not know has been filed. He is now aware of it and can respond in a timely manner. If he does not, the Court suggests Westmoreland consult Federal Rule of Civil Procedure 55 and Local Rule 55.1 before seeking default judgment.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 24);
- **OVERRULES** Westmoreland's objections (Doc. 25); and
- **DENIES without prejudice** Westmoreland's motion for default judgment (Doc. 23).

**IT IS SO ORDERED.**
**DATED:   January 24, 2018**

                                s/ J. Phil Gilbert
                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**